## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff Juan Dominguez Tapia ("Plaintiff"), and defendants Graham Restaurant LLC, Christopher Dunnigan, and Vincent Li (collectively "Defendants" and together with Plaintiffs, "Parties").

WHEREAS, on May 2, 2019, Plaintiff filed a Complaint in the United States District Court, Southern of New York, captioned Juan Dominguez Tapia v. Graham Restaurant LLC et al. Case No. 19-cv-2589 under the Fair Labor Standards Act, the New and the New York Labor Law, and the wage order of the New York Commissioner of Labor; and

WHEREAS, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

WHEREAS, on July 24, 2019 Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses; and

WHEREAS, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to what extent, Defendants have any liability to Plaintiff for unpaid wages, overtime or other compensation; and

WHEREAS, the Parties have determined it to be in their mutual interests to settle the Action and all other matters between them; and

WHEREAS, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

WHEREAS, throughout the negotiation and execution of this Agreement, Plaintiff have been represented by their counsel, Clela A. Errington, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorneys"); and

WHEREAS, Defendants have been represented by their counsel Stephen D. Hans, Stephen D. Hans & Associates, P.C., 30-30 Northern Boulevard, Suite 401, Long Island City, NY 11101, telephone number (718) 275-6700 ("Defendants' Attorneys"); and

WHEREAS, Plaintiff's Attorney and Defendants' Attorney participated in mediation with mediator Barry Peek, Esq. and reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

WHEREAS, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length

negotiation between Plaintiff's Attorneys and Defendants' Attorneys, both of whom are experienced in actions of this nature; and

WHEREAS, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

NOW THEREFORE, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

1.  **Consideration.** In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Thirty One Thousand Dollars (the "Settlement Amount") as follows:

    (i) An initial payment the amount of Two Thousand Five Hundred Eighty-Three Dollars and Thirty-Three cents ($2,583.33) (the "Initial Payment") as follows:

    A)  a check in the amount of Eight Hundred Sixty-One Dollars and Eleven Cents ($861.11) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit fourteen (14) days after Court Approval of the Agreement;
    B)  a check in the amount of Eight Hundred Sixty-One Dollars and Eleven Cents $861.11 representing unpaid wages and made payable to "Juan Dominguez Tapia" for immediate deposit thirty (30) days after Court Approval of the Agreement; and
    C)  a check in the amount of Eight Hundred Sixty-One Dollars and Eleven Cents $861.11 representing liquidated damages and made payable to "Juan Dominguez Tapia" for immediate deposit thirty (30) days after Court Approval of the Agreement; and

    (ii) Eleven payments of of Two Thousand Five Hundred Eighty-Three Dollars and Thirty-Three cents ($2,583.33) (the "Installment Payments"), due monthly starting on the first of the month following the Initial Payment as follows:

    A)  a check in the amount of Eight Hundred Sixty-One Dollars and Eleven Cents ($861.11) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit fourteen (14) days after Court Approval of the Agreement;
    B)  a check in the amount of Eight Hundred Sixty-One Dollars and Eleven Cents $861.11 representing unpaid wages and made payable to "Juan Dominguez Tapia" for immediate deposit thirty (30) days after Court Approval of the Agreement; and

   C) a check in the amount of Eight Hundred Sixty-One Dollars and Eleven Cents $861.11 representing liquidated damages and made payable to "Juan Dominguez Tapia" for immediate deposit thirty (30) days after Court Approval of the Agreement; and

 b. The payments set forth in Paragraph 1.a. of the Agreement shall be sent to: Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Clela A. Errington, Esq.

 c. Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement. Plaintiff or his authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, Stephen D. Hans, Stephen D. Hans & Associates, P.C., 30-30 Northern Boulevard, Suite 401, Long Island City, NY 11101, shans@hansassociates.com. Such default may be cured by Defendants making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default. Said notice of default shall be deemed received five days after it is mailed.

 d. Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledge and agree that unless they enter into this Agreement, they are not otherwise entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he has been paid and/or has received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which he is, was, or may have been, entitled.

 e. The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation which were or could have been asserted in the Plaintiff's Complaint and all other related matters.

 f. Plaintiff represents that they are not aware of any existing lien against their recovery in this action. Plaintiff agrees to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services.

 g. Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's

respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility. Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

h.  Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued to Michael Faillace & Associates, P.C. and Plaintiff each an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

i.  If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

2.  **Tax Characterization.**

(a)  For tax purposes, the payments in Paragraph 1(a)(i) shall be treated as unpaid wages, for which an IRS Form W-2 shall be issued to Plaintiff, and the payments in Paragraph 1(a)(ii) shall be treated as liquidated damages, punitive damages, and/or statutory interest, for which an IRS Form 1099 shall be issued to Plaintiff. Plaintiff shall provide to Defendants, within seven (7) days of execution of this Agreement, completed and executed IRS Forms W-4 and W-9, as well as a completed and executed IRS Form W-9 for his attorneys. Nothing herein shall delay payment to any Plaintiff who signs the agreement and provides a W-9 and W-4 form, or to Michael Faillace & Associates, P.C.

(b)  Payments treated as unpaid wages pursuant to Paragraph 1 shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and the employee's share of FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number and/or taxpayer identification number on an IRS Form W-2. Payments treated as liquidated damages, punitive damages, and/or statutory interest pursuant to Paragraph 1 shall be made without withholdings and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number and/or taxpayer identification number on an IRS Form 1099. Said funds shall be listed in Box 3 ("Other Income") of the issued IRS

Form 1099. Payments of attorneys' fees and costs pursuant to Paragraph 1 shall be made to Plaintiff's counsel without withholdings and reported on an IRS Form 1099 under the payee's name and taxpayer identification number.

(c) Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Paragraph 1. Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount and shall not be paid out of the Settlement Amount. Defendants shall not be responsible for: (i) any payroll taxes imposed on employees, rather than employers; (ii) any taxes imposed on the portion of the payments to Plaintiff treated as liquidated damages, punitive damages, and/or statutory interest reported on Forms 1099; or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's counsel under this Agreement.

(d) Plaintiff acknowledges and agrees that, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraph 1, Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, Plaintiff agrees to indemnify and hold Defendants harmless for any and all federal, state, city, and local taxes, interest, charges, and penalties that are due, may become due or are otherwise assessed against Plaintiff at any time with respect to any portion of the Settlement Amount received by Plaintiff, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraph 1.

(e) The employee portion of all applicable income and payroll taxes will be the sole responsibility of Plaintiff.

2. **Failure to Pay.** Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiff to recover from Defendants jointly and severally: (i) 100% of the Settlement Amount set forth in paragraph 1 of the Agreement less the amount of any payments already made; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. Plaintiff's attorneys shall hold the executed and notarized confession(s) of judgment in escrow, and the confession(s) of judgment shall not be filed with the Court unless: (i) Defendants fail to make any payment when due pursuant to Paragraphs 1.a. and 1.b. of this Agreement; (ii) Plaintiff provided Defendants a notice of default in the manner prescribed pursuant to Paragraph 1.c. of this Agreement; and (iii) Defendants failed to cure the default pursuant to Paragraph 1.c. of this Agreement by making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

3. **Limited Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually on behalf of their children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) Graham Restaurant LLC and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees, (ii) Christopher Dunnigan in his individual and corporate capacity, and her heirs, executors, administrators, attorneys, successors and assigns; and (iii) Vincent Li in his individual and corporate capacity, and her heirs, executors, administrators, attorneys, successors and assigns; (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiff during their respective employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal. Plaintiff acknowledges and agree that, by signing this Agreement, they are each surrendering and giving up any right they have or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant, against or involving Defendants and the Releasees, or to permit himself (Plaintiff) to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiff's compensation by Defendants.

4. **Discontinuance of Claims.** Plaintiff acknowledges and agrees that, other than the Action, they are not presently aware of any legal proceedings pending between Plaintiff and/or his representatives and Defendants or the Releasees. It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants in the Action, and that the Action be dismissed with prejudice. Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney. Plaintiff agree to refrain from re-filing any and all claims against Defendants and the Releasees,

including, but not limited to, any and all claims asserted, or which could have been asserted, in the Action.

5. **Agreement Not to File Suit or Arbitration for Past Acts.** Plaintiff, for and on behalf of himself and each of his respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action their behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement. Plaintiff further agree that in the event that any person or entity should bring such a claim, complaint, or action on their behalf, Plaintiff hereby waives and forfeit any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed. Plaintiff understands that the provisions of this Paragraph mean that they cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiff's execution of this Agreement.

6. **Attorneys' Fees In Suit.** If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff(s) will be required and compelled to pay for all fees and costs incurred by the Releasees, including reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same. Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiffs, including reasonable attorneys' fees.

7. **Denial of Wrongdoing.** Nothing contained in this Agreement, nor the fact that Plaintiff have been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

8. **Statement of Fairness.** The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $31,000.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $31,000.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

9. **Non-Publicity.**

   a. Plaintiff and Plaintiff's Attorneys, and each of their agents, agree that they will treat the existence and terms of this Agreement as confidential, and will not publish or publicize, or cause to be published or publicized, information about the existence or terms of this Agreement in the media (print or broadcast) or on the Internet, including but not limited to social media (*e.g.*, Facebook, Twitter, Instagram, Snapchat). Nothing herein shall be construed to prevent Plaintiff from discussing the existence or terms of this Agreement with: (i) Plaintiff's respective spouses, who shall be instructed that the existence and terms of this Agreement are confidential; (ii) Plaintiff's legal and tax representatives, as necessary to seek professional services and/or advice; or (iii) any person as required by compulsory legal process. Notwithstanding the foregoing, the Parties acknowledge that, to the extent required to achieve dismissal of the Action, the Parties may disclose the existence and terms of the Agreement to the Court, and via public filing on the Court's ECF system, as may be required by the Court to terminate this Action. Non-publicity of the terms of this Agreement (except as permitted by this Paragraph, or as otherwise permitted by law) is a material term of this Agreement, and central to Defendants' consent to resolve this matter on the terms set forth herein. This Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action.

   b. Plaintiff agrees that if they are served with any subpoena or order issued by any person or entity, including but not limited to any attorney, any law enforcement agency for an administrative body, or any federal or state administrative tribunal or court, seeking information or testimony about the terms of this Agreement, they shall promptly notify, via email, Defendants' Attorneys, Stephen D. Hans, Esq. shans@hansassociates.com

10. **Non-Disparagement.** Plaintiff agrees not to make any critical, derogatory, disparaging, defamatory or untruthful statement about Defendants or the Releasees, whether by electronic, written or oral means, to any of Defendants' past, present or future patrons, competitors, partners, employees, or to any other person, including but not limited to, the public as whole via the internet or to the press or other media. This Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action.

11. **Miscellaneous Acknowledgments and Affirmations.**

   a. Plaintiff affirms that upon payment of the Settlement Amount they have been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which they may be entitled.

   b. Plaintiff affirms that they have been granted any leave to which they were entitled and have not been retaliated against for exercising any rights to leave.

12. **Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided either via certified mail – return receipt requested or via overnight courier with electronic confirmation of delivery, plus a courtesy email, to the following:

a.  If to Defendants:
    Stephen D. Hans, Esq.
    Stephen D. Hans & Associates, P.C.
    30-30 Northern Boulevard, Suite 401
    Long Island City, NY 11101
    shans@hansassociates.com

b.  If to Plaintiffs:
    Clela A. Errington, Esq.
    Michael Faillace & Associates, P.C.
    60 East 42nd Street, Suite 4510
    New York, New York 10165
    cerrington@faillacelaw.com

13. **Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

14. **Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

15. **Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

16. **General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

17. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

18. **Legal Counsel.** Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that he were fully and fairly represented by Michael Faillace & Associates, P.C., in connection with the review, negotiation and signing of this Agreement.

19. **Competence to Waive Claims.** At the time of considering or executing this Agreement, Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against the Releasees. Plaintiff certifies

that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Releasees.

20. **Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

PLAINTIFF ACKNOWLEDGES THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

[SIGNATURE PAGE TO FOLLOW]

**PLAINTIFFS**

JUAN DOMINGUEZ TAPIA

_____

Dated:


**DEFENDANTS**

CHRISTOPHER DUNNIGAN

_____
Individually and on behalf of **Graham Restaurant LLC**

Dated:


VINCENT LI

_____
Individually and on behalf of Graham Restaurant LLC